```
                UNITED STATES DISTRICT COURT
                         FOR THE
                WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,        )
                             )
        v.                )   Case No. 18-cv-437
                             )
OLENA BOWEN, MORELL DAVID    )
BOWEN, JR., NEW YORK STATE   )
DEPARTMENT OF TAXATION AND   )
FINANCE,                     )
                             )
        Defendants.       )

## OPINION AND ORDER

This is an action brought by Plaintiff United States of America to foreclose on a mortgage. Pending before the Court are Plaintiff's motion for summary judgment and motion to validate service of a special notice. Defendants Olena Bowen and Morell David Bowen, Jr. ("the Bowens"), proceeding *pro se*, have moved the Court for access to certain documentation and pleadings. Counsel for Plaintiff submits that those documents and pleadings have been served and that the case is ready for final judgment.

For the reasons set forth below, Plaintiff's motions are **granted** and the Bowens' motions are **denied**.

## Factual Background

On January 14, 2005, defendants Olena Bowen and Morell David Bowen, Jr. executed a promissory note in the amount of $146,600 plus interest at a rate of 6% per year. The Bowens also executed a mortgage to secure the note. The lender is the United States

of America, acting by and through the USDA Rural Housing Service, formerly known as the Farmers Home Administration.

The Bowens' loan was accelerated on October 3, 2005, but was reinstated to allow them to apply for special servicing. Their application for moratorium assistance was denied in December 2005. The loan was subsequently accelerated on January 11, 2006, but was again reinstated. On January 30, 2006, the Bowens entered into a delinquency workout, though that agreement was later terminated.

On November 14, 2006, the loan was reamortized. The Bowens were granted a moratorium from January 14, 2009 through December 14, 2010. At the end of the moratorium, their account was reamortized again. The Bowens were granted a second round of moratorium assistance between April 14, 2013 and March 14, 2015. The loan was accelerated a final time on February 4, 2016.

Plaintiff submits that the Bowens have not made a payment on the loan since the most recent moratorium expired on March 14, 2015. On March 13, 2017, Plaintiff allegedly sent the Bowens a 90-day notice as required under RPAPL § 1304. As of June 18, 2018, the reported amount due on the note was $230,113.25, with interest accruing at a rate of $24.53 per day.

## Procedural History

Plaintiff filed its Complaint for foreclosure on April 13, 2018. The New York State Department of Taxation and Finance was

named as a party in the event that it had a claim or other interest in the mortgaged property. The Complaint also named John Doe, Mary Roe, and XYZ Corporation as Defendants in the event that there were tenants, occupants, or others who might have an interest in the property. Plaintiff has since determined that there are no such tenants, occupants, or other interest holders.

On May 11, 2018, the Bowens filed an Answer to the Complaint. The Answer accuses Plaintiff's counsel of trying to "trick" the Court into believing that the Bowens received an acceleration letter dated February 4, 2016. ECF No. 6 at 2, 5-14. The Answer also submits that the Bowens are awaiting balance and reconciliation information to support the alleged amount of their debt. Finally, the Answer claims that the Bowens are entitled to an "informal discussion" and an administrative appeal hearing prior to foreclosure. *Id.* at 2.

On June 18, 2018, Plaintiff moved for entry of default against the New York Department of Taxation and Finance for failure to plead or otherwise defend against the Complaint. The Bowens moved to vacate the request, citing their Answer. No other party responded to the request for entry of default.

On July 17, 2018, Plaintiff filed its motion for summary judgment. The motion included a certificate of service. ECF No. 12-10. On March 22, 2019, the Court required Plaintiff to file

proof of service of the special notice to *pro se* litigants required by the Western District of New York's Local Rule 56. The special notice form has since been served, and Plaintiff has filed a motion for validation of the notice form *nunc pro tunc*. ECF No. 18.

On April 1, 2019, in response to the motion for summary judgment, the Bowens acknowledged receipt of the special notice to *pro se* litigants but stated that they had not received the summary judgment motion itself. ECF No. 19. Their response requested service of the motion and production of factual support for the alleged debt. The Bowens also reiterated their request for an informal discussion and an administrative appeal, and noted that they had been to the federal courthouse in Buffalo to review the case docket. *Id.*

On April 5, 2019, counsel for Plaintiff submitted a sworn affirmation attesting that he had served the motion for summary judgment by mail on July 17, 2018. After receiving the Bowens' April 1, 2019 filing, which included a request for communication via email, counsel sent a copy of the summary judgment motion to the email address provided by the Bowens. ECF No. 20.

On May 1, 2019, the Bowens again asked the Court to order Plaintiff to provide a copy of the motion for summary judgment. Their filing stated that they did not receive a copy of the summary judgment motion "prior to April 5, 2019," and that they

had "no certainty" that the email and attachments received from Plaintiff's counsel were "complete[] and accurate[]." ECF No. 21 at 1-2. The filing also asserted several new claims, including: that Plaintiff had returned more than ten of their mortgage payments; that when Plaintiff demanded a payment of $5,040.15, they sent a payment in that amount but the payment was returned; and that prior to the execution of the note and mortgage, Plaintiff colluded with the previous owner of the property.

On May 2, 2019, the Bowens moved the Court to allow free access to PACER on their home computer. For support, they informed the Court that they live 22 miles from the nearest federal courthouse, and again stated that they have "no certainty" the documents mailed and emailed to them "are complete and accurate." ECF No. 22 at 2.

In response to the May 1 and May 2, 2019 filings, Plaintiff's counsel filed another affirmation explaining that he had served both hard copies and electronic copies of the summary judgment motion. With regard to the Bowens' assertions about returned payments, including the check for $5,040.15, counsel provided an affidavit from Jennifer Jackson, an employee of the USDA Rural Housing Service. Jackson's affidavit states that: (1) required pre-foreclosure notice was sent to the Bowens via regular and certified mail; (2) the Bowens' assertion that they tendered a check in the amount of $5,040.15 "is not true" as

5

there is no record of any such payment; (3) any check returned for insufficiency would have been accompanied by a letter stating the reason, and there is no record of such a letter being sent; (4) even if such a payment had been made, it would not have included the most recent payment due and would therefore have been insufficient to cure the default; and (5) any claim of collusion with the prior property owner is "completely unfounded." ECF No. 24.

On June 5, 2019, the Bowens responded to these latter filings, claiming that Jackson's statements about their $5,040.15 check were "visibly disingenuous" and constituted "trickery." ECF No. 26 at 3. The Bowens also restated their claim that they never received the acceleration notices setting forth their rights to an informal discussion and an administrative appeal hearing. ECF No. 6 at 5-10. Finally, the Bowens reiterated that they never received hard copies of the summary judgment motion, and that they are entitled to transaction and correspondence histories.

The Bowens followed their June 5 filing with a submission on June 12, 2019 asking the Court to order: a copy of the original loan; a monthly accounting, including monthly balances; notices of acceleration; and any notice of intent to foreclose and right to a hearing. ECF No. 29.

The June 12 filing prompted another affirmation from

Plaintiff's counsel, in which he confirmed that he "provided Defendants with all the required notices in this foreclosure action. The United States has proven both statutory and contractual notice compliance by way of its original moving papers." ECF No. 30 at 2. Counsel also represented that on February 27, 2018, he sent the Bowens a letter setting forth the amount currently owed, as well as a payment history from January 2005 to February 2018. *Id.*

On July 1, 2019, the Bowens filed a response in which they accused Plaintiff's counsel of perjury.

## **Discussion**

### I. **Motion for *Nunc Pro Tunc* Validation**

As discussed above, Plaintiff's counsel initially failed to provide the Bowens with the required special notice to *pro se* litigants. Counsel has since rectified the error, and the Bowens have acknowledged receipt of the special notice. Plaintiff's motion for *nunc pro tunc* validation of the notice is **granted**.

### II. **Motion for Summary Judgment and To Amend the Caption**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Sousa v. Roque*, 578 F.3d 164, 169 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56). A "genuine issue" exists "if the evidence is such

7

that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court resolves all ambiguities and draws all factual inferences in favor of the non-movant, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56).

Summary judgment may be sought in foreclosure actions. *United States v. Simmons*, No. 13-CV-00789(S)(M), 2015 WL 12591683, at *2 (W.D.N.Y. Jan. 16, 2015) (citation omitted) report and recommendation adopted No. 13-CV-00789(S)(M), at ECF No. 37 (W.D.N.Y. Feb. 5, 2015). Under New York law, summary judgment is appropriate "where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor." *OneWest, N.A. v. Aikey*, No. 13-CV-6453T, 2015 WL 1472265, at *2 (W.D.N.Y. Mar. 31, 2015) (citations omitted); *see also CIT Bank, N.A. v. O'Sullivan*, No. 14-cv-5966 (ADS)(AYS), 2016 WL 2732185, at *4 (E.D.N.Y. May 10, 2016); *United States v. Paugh*, 332 F. Supp. 2d 679, 681 (S.D.N.Y. 2004). If the plaintiff establishes these three elements, "it is entitled to foreclose unless the defendant/mortgagor makes an affirmative showing of a *bona fide* defense to the mortgage." *Simmons*, 2015 WL 12591683, at *2 (citations omitted); *see Paugh*, 332 F. Supp. 2d at 681.

In this case, there is no dispute that the note and mortgage were signed by the Bowens, that the note is proof of the debt, and that the note is secured by the mortgage. The Bowens have not directly countered Plaintiff's claim that they are in default on their obligations, or that the calculation of the amount due is incorrect. Instead, they claim that they never received the notice of acceleration which, among other things, would have alerted them to certain rights. The Bowens also contend that they may not have received the complete summary judgment filing, and that they are entitled to copies of all loan documents and a complete accounting.

Plaintiff has addressed these issues. With respect to notice, copies of the acceleration notice were sent to each of the Bowens via regular and certified mail. There is no dispute that the notices complied with the relevant federal guidelines. Specifically, the notices stated the reason for the acceleration, the amount due, the method of payment, the opportunity for an informal discussion, and the process for requesting an administrative hearing. ECF No. 13-3 at 18-20.

The acceleration notices were "returned to sender." The fact that the Bowens did not sign for the notices is immaterial. The mortgage states that "notice shall be directed to the Property Address or any address Borrower designates by notice to the Lender." ECF No. 13-1 at 10. In this case, the notices were

9

sent to the property address, as the Bowens had not provided an alternative. ECF No. 13 at 4. Consequently, lack of receipt is not a defense.

As set forth in the acceleration notices, the Bowens had the opportunity to request an informal hearing and pursue an administrative appeal. The notices stated that an informal discussion could be requested on or before February 19, 2016. ECF No. 13-3 at 19. There is no evidence of a request prior to that date. The acceleration decision notified the Bowens that acceleration could be appealed within 30 days of the day the notice was received. The U.S. Postal Service tried to deliver the notices multiple times in February 2016. *Id.* at 23-24. On October 14, 2016, the Bowens sent a request for reconsideration which was denied as untimely. ECF No. 13-4 at 2. Accordingly, any entitlement to either an informal decision or an administrative appeal has passed.

The Bowens have not opposed the summary judgment motion, though it is clear they have been on notice of the motion for several months. The motion was served by mail in July 2018. The Bowens say it was never received. The notice to *pro se* litigants was served in March 2019, and the Bowens acknowledge receipt. That prompted at least one of them to travel to the courthouse, where they were able to review the docket. The motion for summary judgment would have been apparent and attainable at that

time.  On April 1, 2019, the Bowens requested that all communications be made via email.  ECF No. 19 at 3.  Plaintiff's counsel subsequently sent them another copy of the summary judgment filing via email.  The Bowens do not deny receiving that email.

"[I]n considering a motion for summary judgment, [the Court] must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."  *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).  The material facts in this case are set forth in Plaintiff's affidavits, and in particular the affidavits of Jennifer Jackson. The first Jackson Affidavit (ECF No. 13) confirms the executed note and mortgage, default, proper notice of acceleration and foreclosure, and the amount of the debt.  The second Jackson Affidavit (ECF No. 24) counters allegations of collusion with a prior owner and the alleged payment of $5040.15, making clear that even the receipt of that payment would have been insufficient to resolve the default.  Any collusion claim is clearly out of time, as the note and mortgage were executed in 2005.

Absent genuine issues of material fact with respect to Plaintiff's right to foreclose, the motion for summary judgment is **granted**.  As Plaintiff represents to the Court that there are

no tenants or other third-party occupants on the premises, Defendants John Doe, Mary Roe, and XYZ Corporation are **dismissed** and the caption is amended accordingly.

### III. The Bowens' Motions

The Bowens have filed motions seeking various forms of relief, including free access to PACER, an accounting of their debt and additional copies of acceleration notices. Counsel for Plaintiff describes these requests as delay tactics.

The record makes clear that the Bowens have had multiple opportunities to address this debt, and have received at least one full accounting of the balances owed. They have been sent notices of acceleration, notifications of their rights, and actual notice of the summary judgment filings. Their requests for additional information are meritless. The Bowens also failed to provide any legal or factual support for their request for free access to PACER on their home computer. The pending motions for PACER access and additional documentation are **denied.**

Finally, Plaintiff has requested a clerk's entry of default against the New York State Department of Taxation and Finance. The Bowens moved to vacate the request, citing their answer. The clerk's entry of default was not targeted at the Bowens, and their answer thus has no impact on Plaintiff's request. The motion to vacate the request for clerk's entry of default is **denied.**

## Conclusion

For the reasons set forth above, Plaintiff's motion for summary judgment (ECF No. 11) and motion for an order allowing *nunc pro tunc* service of the notice required by Local Rule 56 (ECF No. 18) are **granted**. The Bowens' motion to vacate the request for a clerk's entry of default (ECF No. 9), motion to allow free PACER services (ECF No. 22), and motion for an order directing Plaintiff to provide copies of documents (ECF No. 29) are **denied**.

DATED at Burlington, Vermont, this 20th day of March, 2020.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge